UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

YALCIN AYASLI,
          Plaintiff,

v.

SEZGIN BARAN KORKMAZ, KAMIL FERIDUN OZKARAMAN, FATIH AKOL, SBK HOLDINGS ANONIM SIRKETI, SBK HOLDINGS, USA, INC., BUGARAJ ELEKTRONIK TICARET VE BILISIM HIZMETLERI ANONIM SIRKETI, and MEGA VARLIK YONETIM ANONIM SIRKETI,
          Defendants.

Civil Action No. 19-cv-00183-JL

## MOTION TO DISMISS

      Defendants Sezgin Baran Korkmaz ("Korkmaz"), SBK Holdings Anonim Sirketi, and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri Anonim Sirketi ("Bugaraj") (collectively, the "Korkmaz Defendants"), by and through their counsel, McLane Middleton, Professional Association and Bryan Cave Leighton Paisner LLP, move to dismiss the Plaintiff's Complaint on the grounds of *forum non conveniens* and lack of personal jurisdiction. Along with their Memorandum of Law and supporting Declarations of Sinan Gorkem Gokce, Esq., Sezgin Baran Korkmaz, and Nafiz Cekirge, Esq., which are incorporated by reference, the Korkmaz Defendants state as follows:

      1.     This action arises out of the 2016 sale of Plaintiff Yalcin Ayasli's ("Ayasli") ownership interest in a Turkish regional airline, BoraJet, to Defendant Bugaraj, a Turkish corporation with its principal place of business in the Republic of Turkey ("Turkey").

      2.     The Korkmaz Defendants request that the Court use its discretionary power to dismiss this action on *forum non conveniens* grounds because there is a valid, mandatory forum selection provision in the sales agreement underlying this action, which provides that all actions arising out of

that sale, including the allegations in the Complaint, be brought in Turkey under Turkish law. *See Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). This forum selection provision was drafted and inserted into the sales agreement by Ayasli's own counsel. (Declaration of Sinan Gorkem Gokce ("Gokce Decl.") ¶¶ 2-3.)

3. Moreover, the fact that Turkey presents an available alternative forum for Ayasli to litigate the claims in the Complaint, and, as the Complaint makes clear, the majority of the allegedly wrongful conduct set out in the Complaint occurred in Turkey, makes this case appropriate for dismissal under a traditional *forum non conveniens* analysis. *See Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345 (1st Cir. 1992)

4. Dismissal on *forum non conveniens* grounds is also especially appropriate here because one of the Defendants, Bugaraj, has already sued Ayasli in Turkey, alleging fraud and violations of the underlying sales agreement (the "Turkish Litigation"). (Gokce Decl. at ¶¶ 8-29, Exs. 3-19.) There have already been numerous hearings in the Turkish Litigation, which was initiated in March 2017. (Gokce Decl. ¶ 28.) Ayasli has defended the lawsuit in the Turkish courts, has retained esteemed counsel in that action and continues to be an active participant in that legal dispute. (Gokce Decl. at ¶¶ 8-29, Exs. 3-19.) In fact, it appears that Ayasli's claims and allegations of criminal enterprise and wrongdoing asserted in the Complaint have evolved as a defense in the Turkish Litigation.

5. In addition, not only has Ayasli litigated the BoraJet sale in the Turkish courts, he also presented, under Turkish procedures, a criminal complaint ("Turkish Criminal Complaint") alleging the same substance, content, theories, allegations, and implications as alleged in the instant Complaint. (Gokce Decl. ¶ 34, Ex. 24.) After an extensive investigation, the Turkish Public Prosecutor refused to indict, finding insufficient evidence to substantiate either the alleged criminal

organization or the alleged wrongdoing Ayasli asserted against the Korkmaz Defendants. (Gokce Decl. ¶ 35, Ex. 24.) He found it was essentially a business dispute. (Gokce Decl. ¶¶ 35, Ex. 24.)

6. Alternatively, this action must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(2) for lack of personal jurisdiction. Personal jurisdiction over the Korkmaz Defendants, a Turkish individual and Turkish entities, for claims arising out of a Turkish business transaction, cannot be sustained because the Korkmaz Defendants do not have the necessary "minimum contacts" with either New Hampshire or the United States to satisfy due process. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014)

7. The Korkmaz Defendants' only alleged connection with New Hampshire is that the effects of their conduct, initiated in Turkey, were supposedly felt by Ayasli in the state, and that the individual defendant traveled to New Hampshire to meet with Ayasli to discuss settlement, but that at the last moment, Ayasli backed out of their meeting.

8. These alleged *de minimis* contacts with New Hampshire fail to meet critical elements of the Due Process clause of the Fourteenth Amendment, including that a plaintiff's harm must arise out of or be related to the defendant's in-state conduct, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), or that the defendant purposefully direct his conduct into the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

9. Even if the Court were to expand the scope of its analysis and look at the Korkmaz Defendants' contacts with the United States as a whole, as argued by Ayasli, jurisdiction would still not be proper. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

10. <u>Local Rule 7.1(a)</u>: A supporting memorandum of law is filed contemporaneously with this Motion.

11. <u>Local Rule 7.1(c)</u>: Given the dispositive nature of this motion, the Korkmaz Defendants have not sought Ayasli's assent.

12. <u>Local Rule 7.1(d)</u>: The Korkmaz Defendants believe oral argument on this Motion would assist the Court, given the complexity of the issues presented and the existence of parallel litigation in a foreign country.

WHEREFORE, the Korkmaz Defendants respectfully request that this Honorable Court:

A. Allow oral argument on this Motion in excess of fifteen (15) minutes;

B. Grant this Motion to Dismiss in favor of the Korkmaz Defendants;

C. Dismiss Ayasli's claims against the Korkmaz Defendants with Prejudice, including: First Claim for Relief (Violations of RICO, 18 U.S.C. §§ 1962(c), 1964(c)); Second Claim for Relief (Conspiracy to Violate RICO, Violation of 18 U.S.C. § 1962(c)); Third Claim for Relief (Violation of RSA 358:A); and Fourth Claim for Relief (Fraudulent Misrepresentation);

D. Dismiss Ayasli's additional claims against Korkmaz with Prejudice, including: Fifth Claim for Relief (Defamation); Sixth Claim for Relief (Invasion of Privacy – Intrusion into Physical and Mental Solitude); and Seventh Claim for Relief (Invasion of Privacy – Publicity Placing Plaintiff in a False Light); and

E.    Grant such further relief as may be just, equitable and appropriate.

        Respectfully submitted,

        SEZGIN BARAN KORKMAZ,
        SBK HOLDINGS ANONIM SIRKETI, and
        BUGARAJ ELEKTRONIK TICARET VE
        BILISIM HIZMETLERI ANONIM SIRKETI

        By their Attorneys,

        McLANE MIDDLETON,
        PROFESSIONAL ASSOCIATION

Dated: September 4, 2019        /s/ *Bruce W. Felmly*
        Bruce W. Felmly (NH Bar No. 787)
        Michael A. Delaney (NH Bar No. 10504)
        Andrew R. Hamilton (NH Bar No. 265245)
        900 Elm Street, P.O. Box 326
        Manchester, NH 03105-0326
        Direct: (603) 628-1448
        Fax: (603) 625-5650
        bruce.felmly@mclane.com
        michael.delaney@mclane.com
        andrew.hamilton@mclane.com


        -and-

        BRYAN CAVE LEIGHTON
        PAISNER LLP

        Nefiz Cekirge (*pro hac vice*)
        Mark B. Leadlove (*pro hac vice*)
        Huseyin Alper Tosun (*pro hac vice*)
        1290 Avenue of the Americas
        New York, NY 10104-3300
        Telephone: (212) 541-2000
        nafiz.cekirge@bclplaw.com
        mbleadlove@bclplaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify on this fourth day of September, 2019, this document was filed through the Electronic Case Filing System of the United States District Court for the District of New Hampshire and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic Filing (NEF).

                                               */s/ Bruce W. Felmly*
                                               Bruce W. Felmly