

City of New York, State of New York, County of New York

I, Anders Ekholm, hereby certify that the attached document is to the best of my knowledge and belief, a true and accurate translation from Turkish into English.

_____
Anders Ekholm

Sworn to before me this
August 23, 2019

_____
Signature, Notary Public

AURORA ROSE LANDMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LA6380858
Qualified in New York County
My Commission Expires 09-17-2022

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

**PEKCANITEZ PROCEDURE**

# Civil

# Procedural Law

VOLUME I

Editors:
Professor Dr. Hakan Pekcanıtez
Professor Dr. Muhammet Özekes
Assoc. Dr. Mine Akkan
Assoc. Dr. Hülya Taş Korkmaz

Publication No: 688

_____
___

**PEKCANITEZ PROCEDURE**
**CIVIL PROCEDURAL LAW**
VOLUME I


Editors:

Professor Dr. Hakan Pekcanıtez

Professor Dr. Muhammet Özekes

Assoc. Dr. Mine Akkan

Assoc. Dr. Hülya Taş Korkmaz

**ISBN 978-605-152-484-9**

15th Edition - Istanbul, March 2017
_____
___

# © **ON IKI LEVHA PUBLISHING INC.**

    Address
    Telephone (212) 343 09 02
    Fax (212) 224 40 02
    Web                                               www.onikilevha.com.tr
    E-Mail                                              info@onikilevha.com.tr
    f                                                     facebook.com/onikilevha
    t                                                       twitter.com/onikilevha

*Printing  Binding*    Ogul Printing - Cafer Hayta
                                Maltepe Mahallesi, Davudpasa Cad. Güven Is Merkezi Blok B 301-302
                                Zeytinburnu / Istanbul
                                Tel: (212) 567 20 77
                                Certificate No: 27591

**PEKCANITEZ PROCEDURE**

# CIVIL PROCEDURAL LAW

VOLUME I

15TH EDITION

The competent court cannot be fully understood in the sentences such as *"Turkish courts are competent"* or *"courts in the Aegean region are authorized"* and these records are invalid (419).

In this case, the legal relationship in which the dispute with which the contract of authority arises shall be certain or determinable and be understood. In practice, the most common case is to add an authorization record such as "*in case of any disputes,…… Courts are authorized*" at the end of contract.

The authorization agreement must be concluded in a way related with either a particular legal dispute or a particular legal relationship . In the authorization agreement made in relation with a certain legal relationship, it should be stated that the certainty requirement is met even if the number of disputes arising from this legal relationship is high (420). However, a determination in the form of *"all disputes arising from trade relations between the parties"* will not be considered as sufficient in terms of the authorization agreement since the legal relationship is not specific or identifiable(421). There is no limitation in terms of the types of lawsuits to be filed for the dispute where the authorization agreement has been concluded, unless the parties agree otherwise. The authorization agreement covers all types of lawsuits to be filed in relation with that dispute. The parties may file all types of lawsuits related with the dispute, for example, action for performance, declaratory lawsuit or constitutive lawsuits in the court of jurisdiction authorized by the authorization agreement(422).

The authorization agreement can be concluded either before (or before the lawsuit is filed) or after the dispute arises(423). After the dispute arises, the authorization agreements made on that dispute shall be

---

419 Swiss law also requires that the name of the court be specified in the authorization agreement, for example, an authorization agreement with the wording "Courts in Bern Canton are authorized" depends on whether there is a single court of first instance in Bern or not and it is not sufficient. (**Staehelin/Staehelin/Grolimund** , S 9, N  60; **Gehri/Kramer,** ZPO Art. 17, N14.
420 **Üstünda** , Authorization Agreements, p. 334.
421 **BSKP ZPO-Infanger** , Art. 17, N 17. Krs. **Gehri/Kramer**, ZPO Art 17 Rn. 5.
422 **Üstündağ**, Authorization Agreements, p.335; **Anaral**, Authorization Agreement, p. 133.
423  **Postacıoğlu/Altay, p.** 128; **Üstündağ,** Authorization Agreements, p. 318 et.al; **Bolayır,** Authorization Agreements p. 149;  **BSK ZPO- Infanger**, Art. 17, N7. However, if there are partial mandatory rules of authority, according to Swiss law, it can be made after the dispute. (**BSK ZPO-Infager**, Art. 17, N7).

316 Pekcanıtez Procedure

The court authorized by the authorization agreement will not be able to avoid considering the lawsuit(428).

==Unless the parties to the authorization agreement have made a contrary arrangement, the lawsuit can only be brought before the court determined in the authorization agreement (art. 17) (429).== According to this provision, unless otherwise agreed by the parties, the lawsuit can only be brought before the court determined by the authorization agreement (430).

---

428 **Rosenberg/Scwab/Gottwald, S37**, Rn. 22; **Staehelin/Staehelin/ Grolimund,** S9, N 60; **Gehri/Kramer,** ZPO Art. 17, Rn. 11; **Üstündağ,** Authorization Agreements, p. 339; **Kuru,** Procedure, C:I, p. 576; **Kuru/Arslan/Yılmaz**, p. 156; **Arslan/Yilmaz/Taspinar Ayvaz** , p.225; **Tanriver**, Procedure, p.250; **Asik**, Authorization Agreements according to the Civil Procedure Law, p.43.

429 See Swiss law in the same direction. Switzerland. FUK m. 17/1; **Steahelin/Steahelin/Grolimund, S9** , N 60; **BSK ZPO-Infanger,** Art 17, N 15, 20 et al; **Gehri/Kramer** , ZPO Art. 17, Rn. 10

430 Although it is not well understood from the decision, the Court of Cassation did not consider that the lawsuit cannot be filed before the general and special competent courts if there is no contrary provision in the authorization agreement. In accordance with Article 9 of the Code of Civil Procedure, each lawsuit is filed at the court of residence of the defendant. Contractual lawsuits may also be filed in the court where the contract will be executed (where the work will be performed) (HMK art.10). If there is an authorization agreement between the parties, the court of the specific jurisdiction is also authorized (HUMK article 22, HMK article 17). The Applicant has the right to choose to file the lawsuit in one of these courts mentioned. In the present case, an agreement was drafted between the parties which is dated 15.03.2011 and the competent court was determined as the Ankara courts. However, Article 4 of the agreement stipulates that the subject of the contract is asphalt construction in various districts of Bursa. In this case, the place of performance of the agreement is within the province of Bursa. There is no legal obstacle in filing a lawsuit before the Bursa Commercial Court of First Instance./ .. While the facts explained should be considered and the basis of the work should be examined and the decision should be made accordingly, making a written decision on non-authorization is not appropriate and the decision had to be reversed." HD 15.HD, 02.04.2012, 1736/2163 (Kazanci Case-law Bank). However, in its subsequent decisions, the Court of Cassation clearly decided that the lawsuit could be filed only in the court as agreed with the authorization agreement: "According to the Article 17 on the "Authorization Agreement" of the HMK, "Traders or public legal entities may authorize one or more courts on the disputes that may arise with an agreement. Unless otherwise agreed by the parties, the lawsuit is filed only in the courts determined by the agreement. Pursuant to this provision, only the traders or public legal entities may conclude an authorization agreement among themselves. Those who are not traders or public legal entities cannot conclude authorization agreements among themselves, nor can they conclude authorization agreements with the traders or public legal entities. More than one court may be authorized by the authorization agreement. Unless otherwise agreed, it is only possible to file lawsuits before the courts specified in the agreement. In the present case, the parties were traders, and only the courts of Ordu were authorized in accordance with the authorization agreement. *In this situation…*

# PEKCANITEZ USÛL

# Medenî Usûl Hukuku

——————— CİLT I

Editörler:
Prof. Dr. Hakan Pekcanıtez
Prof. Dr. Muhammet Özekes
Doç. Dr. Mine Akkan
Doç. Dr. Hülya Taş Korkmaz

YAYIN NO: 688

PEKCANITEZ USÛL
MEDENÎ USÛL HUKUKU
CİLT I

Editörler:
Prof. Dr. Hakan Pekcanıtez
Prof. Dr. Muhammet Özekes
Doç. Dr. Mine Akkan
Doç. Dr. Hülya Taş Korkmaz

ISBN 978-605-152-484-9

15. Bası - İstanbul, Mart 2017

© ON İKİ LEVHA YAYINCILIK A. Ş.
Adres    Prof. Nurettin Mazhar Öktel Sokak No: 6A  Şişli / İSTANBUL
Telefon  (212) 343 09 02
Faks     (212) 224 40 02
Web      www.onikilevha.com.tr
E-Posta  bilgi@onikilevha.com.tr
f        facebook.com/onikilevha
         twitter.com/onikilevha

Baskı/Cilt  Oğul Matbaacılık - Cafer Hayta
            Maltepe Mahallesi, Davutpaşa Cad. Güven İş Merkezi B Blok 301-302
            Zeytinburnu / İstanbul
            Tel: (212) 567 20 77
            Sertifika No: 27591

# PEKCANITEZ USÛL

# Medenî
# Usûl Hukuku

CİLT I

15. BASI

leşmesi geçersiz olduğu gibi, yetkili mahkemenin tam anlaşılamadığı *"Türkiye Mahkemeleri yetkilidir"* veya *"Ege bölgesindeki mahkemeler yetkilidir"* şeklindeki kayıtlar da geçersizdir[419].

O hâlde, yetki sözleşmesi yapılan uyuşmazlığın kaynaklandığı hukukî ilişki belli veya belirlenebilir olmalı ve anlaşılmalıdır. Bu konuda uygulamada en sık rastlanan durum, bir sözleşmenin sonuna *"işbu sözleşmeden kaynaklanan uyuşmazlıklarda ...... mahkemeleri yetkilidir"* şeklinde yetki kaydı konulmasıdır.

Yetki sözleşmesi ya belli bir hukukî uyuşmazlığı veya belli bir hukukî ilişkiyi ilgilendirir şekilde yapılmalıdır. Belli bir hukukî ilişkiyle ilgili şekilde yapılan yetki sözleşmesinde, bu hukukî ilişki sebebiyle çıkacak uyuşmazlık sayısı fazla olsa bile, belirlilik şartının karşılandığı ifade edilmelidir[420]. Ancak, *"aramızdaki ticaret ilişkilerinden kaynaklanan tüm uyuşmazlıklar"* şeklindeki bir belirleme, hukukî ilişki belirli veya belirlenebilir olmadığı için yetki sözleşmesi bakımından yeterli sayılmayacaktır[421]. Hakkında yetki sözleşmesi yapılan uyuşmazlık için açılacak davaların çeşitleri açısından, taraflar aksini kararlaştırmamışsa herhangi bir sınırlama bulunmamaktadır. Yetki sözleşmesi, o uyuşmazlıkla ilgili olarak açılacak tüm dava çeşitlerini kapsar. Taraflar söz konusu uyuşmazlıkla ilgili tüm davaları, örneğin eda, tespit veya inşai davaları yetki sözleşmesiyle yetkili kılınan yer mahkemesinde açabilirler[422].

Yetki sözleşmesi, uyuşmazlık çıkmadan önce (ya da dava açılmadan önce) veya uyuşmazlık çıktıktan sonra da yapılabilir[423]. Uyuşmazlık çıktıktan sonra o uyuşmazlık hakkında yapılan yetki sözleşmelerinde, mev-

---

[419] İsviçre hukukunda da, yetki sözleşmesinde mahkemenin ismen belirtilmiş olması şarttır, örneğin, "Bern Kantonu'ndaki mahkemeler yetkilidir" şeklindeki bir yetki sözleşmesi kural olarak Kanton'da tek ilk derece mahkemesi olup olmamasına göre değişmekle birlikte, yeterli değildir. (**Staehelin/Staehelin/Grolimund**, § 9, N 60; **Gehri/Kramer**, ZPO Art. 17, Rn. 9). Krş. **BSK ZPO-Infanger**, Art. 17, N 14.

[420] **Üstündağ**, Salâhiyet Anlaşmaları, s. 334.

[421] **BSK ZPO-Infanger**, Art. 17, N 17. Krş. **Gehri/Kramer**, ZPO Art. 17, Rn. 5.

[422] **Üstündağ**, Salâhiyet Anlaşmaları, s. 335; **Anaral**, Yetki Sözleşmesi, s. 133.

[423] **Postacıoğlu/Altay**, s. 128; **Üstündağ**, Salâhiyet Anlaşmaları, s. 318 vd.; **Bolayır**, Yetki Sözleşmeleri, s. 149; **BSK ZPO-Infanger**, Art. 17, N 7. Ancak İsviçre hukukunda kısmî emredici yetki kuralları varsa uyuşmazlık çıkmadan önce yapılan yetki sözleşmeleri geçerli değildir, kısmî emredici yetki kuralı varsa yetki sözleşmesi ancak uyuşmazlık çıktıktan sonra yapılabilir (**BSK ZPO-Infanger**, Art. 17, N 7).

Yetki sözleşmesi ile yetkili kılınan yer mahkemesi davaya bakmaktan kaçınamayacaktır[428].

==Yetki sözleşmesi yapan taraflar aksine bir düzenleme yapmamışlarsa dava sadece yetki sözleşmesinde kararlaştırılmış olan mahkemede açılabilir (m. 17)[429].== Bu hükme göre taraflarca aksi kararlaştırılmadıkça dava, sadece yetki sözleşmesi ile kararlaştırılan mahkemede açılabilecektir[430]. Bu

---

[428] **Rosenberg/Schwab/Gottwald**, § 37, Rn. 22; **Staehelin/Staehelin/Grolimund**, § 9, N 60; **Gehri/Kramer**, ZPO Art. 17, Rn. 11; **Üstündağ**, Salâhiyet Anlaşmaları, s. 339; **Kuru**, Usûl, C. I, s. 576; **Kuru/Arslan/Yılmaz**, s. 156; **Arslan/Yılmaz/Taşpınar Ayvaz**, s. 225; **Tanrıver**, Usûl, s. 250; **Aşık**, Hukuk Muhakemeleri Kanununa Göre Yetki Sözleşmeleri, s. 43.

[429] İsviçre hukukunda aynı yönde bkz. İsv.FUK m. 17/1; **Staehelin/Staehelin/Grolimund**, § 9, N 60; **BSK ZPO-Infanger**, Art. 17, N 15, 20 vd.; **Gehri/Kramer**, ZPO Art. 17, Rn. 10.

[430] Karardan çok iyi anlaşılmamakla beraber Yargıtay verdiği bir kararında yetki sözleşmesinde aksine hüküm yoksa davanın genel ve özel yetkili mahkemelerde açılamayacağını değerlendirmemiştir: "Hukuk Usulü Muhakemeleri Yasası'nın 9, HMK'nın 6. maddesi uyarınca her dava kural olarak davalının ikametgahı mahkemesinde açılır. Sözleşmeden doğan davalar ayrıca sözleşmenin icra olunacağı (işin yapılacağı) yer mahkemesinde de açılabilir (HMK. m.10) Taraflar arasında yetki sözleşmesi var ise o yer mahkemesi de yetkilidir (HUMK mad.22, HMK mad. 17) anılan bu yasal kurallar dikkate alındığında kamu düzeni gereği istisnalar hariç davacı tarafın bu yer mahkemelerinden birisinde davasını açma konusunda seçimlik hakkı vardır. ./.. Dava konusu somut olayda taraflar arasında 15.03.2011 tarihli sözleşme düzenlenmiş sözleşmede yetkili mahkeme Ankara mahkemeleri olarak belirlenmiştir. Ancak sözleşmenin 4. maddesinde sözleşmeye konu işin Bursa'nın muhtelif semtlerinde asfalt yapım işi olduğu hükme bağlanmıştır. Bu durumda sözleşmenin ifa yeri Bursa ili dahilinde olmaktadır. Bursa Asliye Ticaret Mahkemesi'nde dava açılmasında herhangi bir yasal engel bulunmamaktadır. ./.. Açıklanan olgular gözetilip işin esasının incelenerek sonucu dairesinde karar verilmesi gerekirken yazılı şekilde yetkisizlik kararı verilmesi isabetli olmamış, kararın bozulması gerekmiştir." 15. HD, 02.04.2012, 1736/2163 (Kazancı İçtihat Bankası). Ancak Yargıtay sonraki kararlarında, aksi belirtilmedikçe davanın sadece yetki sözleşmesi ile kararlaştırılan mahkemede açılabileceğine açıkça karar vermiştir: "HMK'nın "Yetki Sözleşmesi" başlıklı 17. maddesine göre "Tacirler veya kamu tüzel kişileri, aralarında doğmuş veya doğabilecek bir uyuşmazlık hakkında, bir veya birden fazla mahkemeyi sözleşmeyle yetkili kılabilirler. Taraflarca aksi kararlaştırılmadıkça dava sadece sözleşmeyle belirlenen mahkemelerde açılır." Bu hüküm uyarınca sadece tacirler veya kamu tüzel kişileri kendi aralarında yetki sözleşmesi yapabilirler. Tacir veya kamu tüzel kişisi olmayanlar; kendi aralarında yetki sözleşmesi yapamayacakları gibi tacir veya kamu tüzel kişisi ile de yetki sözleşmesi yapamazlar. Yetki sözleşmesi ile birden fazla mahkeme yetkili kılınabilir. Aksi kararlaştırılmadıkça, sadece sözleşmede belirlenen mahkemelerde dava açılması mümkündür. Somut olayda taraflar tacir olup, yetki sözleşmesi uyarınca Ordu mahkemeleri yetkili kılınmıştır. Bu durumda taraflar arasındaki uyuşmazlıkta sadece Ordu mahkeme-