

City of New York, State of New York, County of New York

I, Anders Ekholm, hereby certify that the attached document is to the best of my knowledge and belief, a true and accurate translation from Turkish into English.

_____
Anders Ekholm

Sworn to before me this
August 23, 2019

_____
Signature, Notary Public

AURORA ROSE LANDMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01LA6380858
Qualified in New York County
My Commission Expires 09-17-2022

_____
Stamp, Notary Public

*Professor Dr. Baki KURU*

# CIVIL PROCEDURE LAW

**TEXTBOOK**

**Professor Dr. Baki KURU**

Ankara University Faculty of Law
Retired Faculty Member

# CIVIL PROCEDURE LAW

## TEXTBOOK

**LEAL PUBLISHING HOUSE**
November - 2015

## 9. Authorization

... it needs to be in written form. Even if the original agreement is subject to the official form, authorization agreement can be done in ordinary written form. As such, the authorization agreement must be made in writing, even if the original agreement is not subject to written form.

The written form is the **condition** of **validity for the** authorization agreement (18/2; BK art.12, II). Therefore, the existence of an authorization agreement which has not been made in writing cannot be used as an evidence (such as through oath or a witness). However, if the defendant does not make any (initial) objection (m.116 / a) (except for the matters which are not freely acted upon and the final authorization cases), a provisional (and verbal) authorization agreement shall be deemed to have been concluded between the parties.

### VI- Cases where dispute is determined

The authorization agreement may be concluded for one (or more than one, but determined) dispute that may arise between the parties (art. 17). The specific dispute handled with the court authorized by the authorization agreement must be clear in the authorization agreement (or in its terms) (art.18 / 2) . For example, "Akçakoca courts are authorized for disputes between A and B due to non-payment of sales price".

In an agreement on subjects such as sale, rent and work, the **authorization clause** as "Akçakoca courts are authorized for the disputes arising from this agreement" is also valid; because the issue of dispute (legal relationship) is also determined here (art.18 / 2).

On the other hand, "Akçakoca courts will be authorized for all disputes arising between us in the sales contracts from now on" or "Akçakoca courts will be authorized for all disputes between us from now on" is not valid because the dispute is not determined here.

### VII – Cases where Court is specified

With the authorization agreement, **only one** or **more** specific **courts may be authorized** (art. 18/2). As with the dispute, the court authorized by the agreement must be specific. For example "Akçakoca courts are authorized" or "Akçakoca or Düzce courts are authorized".

An authorization agreement stating that both (or only one) of the parties can file a lawsuit wherever it requires (or that lawsuit can be filed in any part of Turkey) is invalid. Because the court authorized in this case is not clear; this is contrary to public order.

VIII - Unless otherwise agreed by the parties in the authorization agreement, the lawsuit is filed only in the courts specified in the authorization agreement (art. 17, c.2); in other words, the authorization agreement is the **exclusive authorization agreement**.

However, in art.17c.2 "unless otherwise agreed by the parties"

*Prof. Dr. Baki KURU*

# MEDENÎ USUL HUKUKU

## DERS KİTABI



# Prof. Dr. Baki KURU

Ankara Üniversitesi Hukuk Fakültesi
Emekli Öğretim Üyesi

# MEDENÎ USUL HUKUKU

## DERS KİTABI

**LEGAL YAYINEVİ**

**Kasım - 2015**

âdi yazılı şekilde yapılması yeterlidir. Asıl sözleşme resmî şekle tabi olsa bile, yetki sözleşmesi âdi yazılı şekilde yapılabilir. Bunun gibi, asıl sözleşme yazılı şekle tâbi olmasa bile, yetki sözleşmesinin yazılı şekilde yapılması gerekir.

Yazılı şekil, yetki sözleşmesi için **geçerlik şartıdır** (m.18/2 ; BK m.12,II). Bu nedenle, yazılı olarak yapılmamış olan bir yetki sözleşmesinin varlığı, başka bir delil ile (meselâ yemin veya tanık ile) ispat edilemez. Fakat, (üzerinde serbestçe tasarruf edilemeyen konular ile kesin yetki halleri dışında) davalı yetki (ilk) itirazında (m.116/a) bulunmazsa, taraflar arasında zımnî (ve sözlü) bir yetki sözleşmesi yapılmış sayılır.

### VI- Uyuşmazlığın belirli olması

Yetki sözleşmesi, taraflar arasında doğmuş veya doğabilecek bir (veya birden fazla ve fakat belirli) uyuşmazlık için yapılabilir (m.17). Yetki sözleşmesi ile yetkili kılınan mahkemenin, hangi uyuşmazlığa bakacağı yetki sözleşmesinden (veya şartından) açıkça anlaşılması gerekir (m.18/2). Meselâ, "A ile B arasında satış bedelinin ödenmemesi nedeniyle çıkmış olan uyuşmazlık için Akçakoca mahkemeleri yetkili kılınmıştır" gibi.

Satış, kira ve eser sözleşmesi gibi bir sözleşmedeki "işbu sözleşmeden doğacak uyuşmazlıklar için Akçakoca mahkemeleri yetkilidir" şeklindeki **yetki şartı** da geçerlidir ; çünkü burada da uyuşmazlık konusu (hukuki ilişki) belirlidir (m.18/2).

Buna karşılık, "bundan böyle yapacağımız bütün satış sözleşmelerinden doğacak uyuşmazlıklar için Akçakoca mahkemeleri yetkili olacaktır" veya "bundan böyle aramızda çıkacak bütün uyuşmazlıklar için Akçakoca mahkemeleri yetkili olacaktır" şeklindeki bir yetki sözleşmesi geçersizdir ; çünkü, burada uyuşmazlık belirli (muayyen) değildir.

### VII- Mahkemenin belirli olması

Yetki sözleşmesi ile, **yalnız belirli** (muayyen) **bir** veya **birden fazla mahkeme yetkili kılınabilir** (m.18/2). Uyuşmazlık konusunda olduğu gibi, sözleşme ile yetkili kılınan mahkemenin de belirli (muayyen) olması gerekir. Meselâ "... Akçakoca mahkemeleri yetkilidir" veya "Akçakoca veya Düzce mahkemeleri yetkilidir" gibi.

Taraflardan her ikisinin (veya yalnız birinin) dilediği mahkemede dava açabileceğine (veya Türkiye'nin herhangi bir yerinde dava açılabileceğine) ilişkin bir yetki sözleşmesi geçersizdir. Çünkü, bu halde yetkili kılınan mahkeme belli değildir ; bu ise, kamu düzenine aykırıdır.

VIII- Yetki sözleşmesinde, taraflarca aksi kararlaştırılmadıkça dava sadece yetki sözleşmesinde belirlenen mahkemelerde açılır (m.17,c.2) ; yani, bu halde yetki sözleşmesi **münhasır yetki sözleşmesi**dir.

Fakat, m.17,c.2'deki "taraflarca aksi kararlaştırılmadıkça" deyiminden an-