QUINN EMANUEL URQUHART & SULLIVAN, LLP
Harvey J. Wolkoff (Bar No. 532880) (*pro hac vice*)
   harveywolkoff@quinnemanuel.com
111 Huntington Street, Suite 520
Boston, Massachusetts 02199-3600
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

Diane Cafferata (Bar No. 190081)
   dianecafferata@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Fatih Akol

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YALCIN AYASLI,<br><br>Plaintiff,<br><br>v.<br><br>SEZGIN BARAN KORKMAZ, et al.<br><br>Defendants. | Case No. 2:20-cv-09388-CAS-PD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**<br><br>Judge: Hon. Christina A. Snyder<br>Hearing Date: October 17, 2022<br>Hearing Time: 10:00 am<br><br>Complaint Filed: October 10, 2020<br>Trial Date: None Set |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 17, 2022, at 10:00 am or as soon thereafter as the matter may be heard in Courtroom 8D of the United States District Court for the Central District of California, defendant Fatih Akol will and hereby does move for an order dismissing him from this case based on untimely and inexcusably insufficient service of process.

This Motion is made pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure on the grounds that Mr. Akol's service of process was invalid and untimely, making dismissal without prejudice appropriate here. This Motion is made following conferences of counsel pursuant to L.R. 7-3, which took place over Zoom on August 23, 2022 and September 9, 2022. The parties were not able to reach a resolution that would eliminate the need for this Motion.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; and the simultaneously filed declaration of Fatih Akol.

DATED: September 9, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Diane Cafferata

Harvey J. Wolkoff
Diane Cafferata
Attorneys for Fatih Akol

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ............................................................................................. 1

FACTUAL BACKGROUND............................................................................ 1

APPLICABLE LEGAL STANDARDS ............................................................ 2

ARGUMENT ..................................................................................................... 3

I.   PLAINTIFF'S CLAIMS AGAINST MR. AKOL SHOULD BE DISMISSED DUE TO ITS INEXCUSABLE FAILURE TO EFFECT SERVICE OF PROCESS ....................................................... 3

CONCLUSION.................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Antelope Valley Allied Arts Ass'n v. Lancaster Redevelopment Agency*,
2011 WL 13218029 (C.D. Cal. Dec. 20, 2011) ................................................. 4, 5

*Benny v. Pipes*,
799 F.2d 489, 492 (9th Cir.1986) ......................................................................... 5

*Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,
840 F.2d 685, 688 (9th Cir.1988) ......................................................................... 5

*Geiche v. City & Cnty. of San Francisco*,
2009 WL 1948830 (N.D. Cal. July 2, 2009) ........................................................ 5

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) .............................................................................................. 3

*S.E.C. v. Ross*,
504 F.3d 1138 (9th Cir. 2007) ......................................................................... 3, 4

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ............................................................................... 3

## Statutory Authorities

RSA 358:A ................................................................................................................ 2

18 U.S.C. § 1962(c) ................................................................................................. 2

18 U.S.C. § 1964(c) ................................................................................................. 2

## Rules and Regulations

Fed. R. Civ. P. 4 ....................................................................................................... 5

Fed. R. Civ. P. 4(f) ................................................................................................... 3

Fed. R. Civ. P. 4(f)(3) .............................................................................................. 3

Fed. R. Civ. P. 4(m) ............................................................................................ 1, 4

Fed. R. Civ. P. 12(b)(5) ...................................................................................... 1, 2

## INTRODUCTION

Originally filed February 18, 2019, this case comes before the Court by way of transfer almost two years ago from the District of New Hampshire. Since then, Plaintiff has done almost nothing in this case besides filing an Amended Complaint immediately after the filing of Mr. Akol's Motion to Dismiss on August 31, 2022. *See* Dkt 131. Prior to transfer, the District of New Hampshire concluded it had no personal jurisdiction over Mr. Akol in New Hampshire. Dkt. 73. Therefore, it had no power to issue binding orders as to him. For that reason, the District of New Hampshire's minute order allowing service of process via email on Mr. Akol is not valid. And because Mr. Akol was served by email and only by email in the New Hampshire case, and never served again since transfer, he has never received valid service of process. Because Mr. Akol has never been validly served, and since the 90-day deadline for that service passed years ago, he should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 4(m) for untimely and inexcusably insufficient service of process.

## FACTUAL BACKGROUND

Fatih Akol is a Turkish national. Dkt. 131 ¶ 50. Plaintiff Yalcin Ayasli is a Turkish and American citizen resident in New Hampshire. Dkt. 131 ¶¶ 15-16. BoraJet is a Turkish regional airline, wholly owned by Plaintiff until he approved its sale in December 2016. *Id.* ¶¶ 506-507. Mr. Akol became the General Manager of BoraJet at some point during Plaintiff's ownership of the company. *Id.* ¶ 51.

In December 2016, Ayasli asked Akol to begin efforts to sell BoraJet because of his mounting financial difficulties. *Id.* ¶ 580. Ayasli admits that the Company had at least $59 million in debts when as BoraJet's sole owner, he signed an agreement on December 29, 2016 to sell the company to Bugaraj, a subsidiary of SBK Turkey. *Id.* ¶¶ 596, 599. Bugaraj agreed to take on portions of BoraJet's significant debt. *Id.* ¶ 601. Following the sale, Defendant Sezgin Baran Korkmaz, who is purported to have control and influence over SBK Turkey (which bears his initials), allegedly threatened

Mr. Akol. *Id.* ¶¶ 20-21, 721-22. Korkmaz also told Plaintiff and others that he had assaulted Mr. Akol. *Id.* ¶¶ 721-22.

Nonetheless, in February 2019, Plaintiff filed his Complaint accusing Mr. Akol for the first time of participating in a criminal scheme, with Mr. Korkmaz and 25 others, to defraud Plaintiff of his ownership interest in BoraJet, specifically through violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964(c) ("Substantive RICO") (Claim I), violation of 18 U.S.C. § 1962(c) ("RICO Conspiracy") (Claim II), violations of the New Hampshire Consumer Protection Statute, RSA 358:A (Claim III), and fraudulent misrepresentation (Claim IV). Dkt. 1. Plaintiff received the New Hampshire Court's permission to serve Mr. Akol by email and did so on January 23, 2020. Dkt. 31; Akol Declaration, ¶ 1.

The District of New Hampshire determined it lacked jurisdiction over Mr. Akol on July 27, 2020, Dkt. 73, and transfer to the Central District took place on October 21, 2020. But Plaintiff still never served Mr. Akol. Akol Declaration, ¶ 2. Nearly two years passed until this Court's issuance of an Order to Show Cause on August 3, 2022. Mr. Akol was forced to file a motion to dismiss on August 31, 2022 even though he had never been served. Dkt. 129. Plaintiff filed an Amended Complaint the next day. Dkt. 130.

## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move for dismissal due to insufficient service of process. Under FRCP 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Service of process is integral to a court's exercise of personal jurisdiction: "The familiar 'minimum contacts' test, coupled with statutory authorization, provides a *basis* for an exercise of jurisdiction, but '[s]ervice of process is the *mechanism* by which the

court [actually] acquires' the power to enforce a judgment against the defendant's person or property." *S.E.C. v. Ross*, 504 F.3d 1138, 1140 (9th Cir. 2007) (quotation omitted). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST MR. AKOL SHOULD BE DISMISSED DUE TO ITS INEXCUSABLE FAILURE TO EFFECT SERVICE OF PROCESS

At the time Plaintiff filed his Complaint in the District of New Hampshire, Mr. Akol was living abroad in Turkey. Akol Decl. ¶ 1. The Federal Rules allow service of process on an individual in a foreign country three ways: (1) by the Hague Convention, an international agreement governing service of process; (2) by a method that is reasonably calculated to give notice per specified criteria; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Plaintiff moved for permission to serve Mr. Akol under Rule 4(f)(3), arguing "service by e-mail is not prohibited by international agreement and satisfies due process" and thus could be ordered by the Court. Dkt. 29 ¶ 4. The District of New Hampshire granted Plaintiff's request via minute order. Plaintiff then submitted an affidavit of service of process via email on Mr. Akol. Dkt. 31.

But the District of New Hampshire later concluded that it had no personal jurisdiction over Mr. Akol. Dkt. 73 at 29-32. And a court without personal jurisdiction over a party cannot bind that party with its orders. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."). Therefore, the District of New Hampshire's order granting Plaintiff's motion to serve Mr. Akol via email was not valid: Rule 4(f)(3) only permits

alternative service "as the court orders."  In short, there was no valid service on Mr. Akol in the New Hampshire matter.  Nor was proper (or any) service effected after the transfer to the Central District of California.

Now years later, Mr. Akol still has not received service in a manner compliant with the Federal Rules of Civil Procedure.  Without proper service, this Court cannot not exercise personal jurisdiction over Mr. Akol.  *See Ross*, 504 F.3d at 1138.  Nor can service of process be made now.  Federal Rule of Civil Procedure 4(m) sets a time limit for service of 90 days after the complaint is filed.  If a defendant is not served within that period, a court "must dismiss the action" against that defendant.  Fed. R. Civ. P. 4(m).

Here, years have passed since this deadline for service expired.  The initial Complaint ("Complaint" or "Compl."), Dkt. 1, was filed in the District of New Hampshire on February 18, 2019, more than three and a half years ago.  The only service of process to Mr. Akol while the case was in the District of New Hampshire was service via email and that service is invalid as a matter of law.  Dkt. 31.  Transfer to the Central District of California was completed on October 10, 2020, nearly two years ago.  Dkt. 84.  Since then, not only has Mr. Akol not received any service of process, but the Plaintiff has only taken one step to prosecute this case—filing his Amended Complaint in response to Mr. Akol's motion to dismiss, in pertinent part, for insufficient service of process.  Dkt. 131.

Under these circumstances, the proper remedy is dismissal.  As this court has explained, once the time limit set in Rule 4(m) elapses, "the action will be dismissed without prejudice as to that defendant unless the plaintiff shows good cause." *Antelope Valley Allied Arts Ass'n v. Lancaster Redevelopment Agency*, 2011 WL 13218029, at *3 (C.D. Cal. Dec. 20, 2011).  "Good cause means a demonstration of good faith ... and some reasonable basis for noncompliance within the time specified in the rules." *Id.* (quotation omitted).  Here, Plaintiff has no case for good cause.  Plaintiff did not "aggressively pursue serving" Mr. Akol when it learned that the District of New

Hampshire did not have personal jurisdiction over him (and therefore no power to permit alternative service). *Id.* Even now, Plaintiff has been stirred only by the recent Court order indicating that he had to do something or the case would be dismissed for failure to prosecute the action. Dkt. 126. Even after Mr. Akol filed his motion to dismiss on August 31, no efforts were made to serve him. As there has only been egregious neglect without excuse, and given the losses Mr. Akol has already experienced in having to defend himself against a complaint that has not yet even been served on him, immediate dismissal is amply warranted.

Plaintiff may argue that, despite the lack of service, Mr. Akol nevertheless received actual notice of the Complaint. But actual notice cannot establish personal jurisdiction in this Circuit: "Although a defendant's appearance to attack sufficiency of service is an admission that defendant has actual knowledge of the lawsuit, actual knowledge does not substitute for proper service of process." *Geiche v. City & Cnty. of San Francisco*, 2009 WL 1948830, at *9 (N.D. Cal. July 2, 2009). Rather, "'A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4.'" *Id.* at *8 (quoting *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988)). "'[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction' absent substantial compliance with its requirements.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). Instead, "Once service of process is properly challenged, 'the party on whose behalf [service] is made must bear the burden of establishing its validity.'" *Id.* at *9 (quotation omitted). Plaintiff cannot bear that burden.

## CONCLUSION

The Court should dismiss Plaintiffs' case against Mr. Akol for untimely and inexcusably insufficient lack of personal service.

| | | |
|---|---|---|
| 1 | DATED: September 9, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By _____
Diane Cafferata
Attorney for Fatih Akol

-6-  
Case No. 2:20-cv-09388
DEFENDANT AKOL'S NOTICE OF MOTION AND MOTION TO DISMISS