UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | October 24, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Kevin Lally
Robert Miller

Attorneys Present for Defendants:
Diane Cafferata

**Proceedings:**   DEFENDANT FATIH AKOL'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (Dkt. 133, filed on SEPTEMBER 9, 2022)

## I.   INTRODUCTION AND BACKGROUND

Presently before the Court is defendant Fatih Akol's motion to dismiss the first amended complaint for insufficient service of process.

Plaintiff initially filed suit against more than 26 defendants, including Fatih Akol ("defendant") on February 18, 2019, in the District of New Hampshire. Dkt. 1. In short, the suit alleges racketeering and fraud claims in connection to the 2016 sale of plaintiff's airline company. Plaintiff alleged in the complaint that defendant Akol was domiciled in Turkey. Id. ¶ 56.

Pursuant to Federal Rule of Civil Procedure 4(f)(3),[1] plaintiff received the permission of the District Court of New Hampshire to serve defendant Akol, a foreign national, by email and did so on January 23, 2020. Dkt. 31.

Thereafter, on July 27, 2020, the District of New Hampshire issued an order determining it lacked jurisdiction over several of the defendants in the case, including Akol, and transferred the action to the Central District of California on October 21, 2020. Dkt. 73.

---

[1] "Rule" hereinafter refers to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | October 24, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

On August 2, 2022, this Court ordered plaintiff to show cause no later than September 1, 2022, why this action should not be dismissed for lack of prosecution. Dkt. 126.

On August 31, 2022, defendant Akol filed a motion to dismiss for insufficient service of process, lack of personal jurisdiction, and failure to state a claim. Dkt. 130.

The following day, on September 1, 2022, plaintiff filed a first amended complaint as a matter of course under Rule 15(a). Dkt. 131 ("FAC"). For purposes of deciding the instant motion, the only relevant material change in the FAC is that it alleges defendant Akol is a Turkish citizen domiciled in New Jersey. Id. ¶ 50.

On September 2, 2022, the Court accordingly vacated its order to show cause upon plaintiff's filing of the FAC. Dkt. 132.

On September 9, 2022, defendant Fatih Akol filed the instant motion to dismiss plaintiff's FAC. Dkt. 133 ("Mot."). On September 26, 2022, plaintiff filed an opposition. Dkt. 162 ("Opp."). On October 3, 2022, defendant filed a reply. Dkt. 163 ("Reply").

On October 4, 2022, plaintiff filed a proof of service stating that a process server executed proof of service of the FAC and summons with defendant Fatih Akol's wife at a New Jersey address on September 26, 2022. Dkt. 165 ("Proof of Service").

On October 24, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

Rule 4(b) requires that "a summons must be served with a copy of the complaint." Fed. R. Civ. Pro. 4.

When serving an individual in a foreign country, Rule 4(f) provides in relevant part that "unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . (3) by other means not prohibited by international agreement, as the court orders." Id.

When serving an individual within a judicial district of the United States, Rule 4(e) provides that such individual may be served by "(1) following state law for serving a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | October 24, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or "(2) delivering a copy of the summons and of the complaint to the individual personally [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." Id.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. This deadline does not apply to service in a foreign country under Rule 4(f). Id.

The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). As such, "dismissal is generally not justified absent a showing of prejudice." Id.

### III. DISCUSSION

Defendant argues that there was no valid service on him when the case was brought in New Hampshire because Rule 4(f)(3) permitting alternative service "as the court orders" and that a court without personal jurisdiction over a party cannot bind that party with its orders. Mot. at 3–4 (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.")). As such, defendant claims that plaintiff fails to show good cause under Rule 4(m) for failing to serve defendant once the action had been transferred to the Central District of California in 2020. Id. at 4–5.

In opposition, plaintiff argues that defendant was properly served when the case was in the New Hampshire District Court notwithstanding the later lack of personal jurisdiction. Opp. at 5. In any event, plaintiff maintains that defendant has not been prejudiced, defendant has now been served with the FAC filed on August 31, 2022, and that, if necessary, the Court under the circumstances should simply extend the time for service pursuant to Rule 4(m).

As stated above, Rule 4(m)'s 90 day deadline for service does not apply to service of individuals in foreign countries under Rule 4(f). Plaintiff alleged in his initial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | October 24, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

operative complaint that defendant Akol was domiciled in Turkey and sought foreign service under Rule 4(f). Upon amending his complaint on September 1, 2022, plaintiff now alleges that defendant Akol is domiciled in New Jersey. Plaintiff accordingly executed service of process in that state pursuant to Rule 4(3) and within Rule 4(m)'s 90 day deadline.

Thus, in light of the fact that a proof of service executed on September 26, 2022, as to defendant Akol has now been filed with the Court, defendant's motion to dismiss for insufficient service of process should be denied.

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |