UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                             Not Present

**Proceedings:** (IN CHAMBERS) - MOTION FOR STAY OF THE ENTIRE ACTION (Dkt. 179, filed on October 17, 2022)

## I. INTRODUCTION AND BACKGROUND

Presently before the Court is the motion of defendants Sezgin Baran Korkmaz ("Korkmaz"), SBK Holdings Anonim Sirketi ("SBK Turkey"), and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri Anonim Sirketi ("Bugaraj") (collectively, the "Korkmaz defendants") to stay this action pending ongoing federal criminal proceedings against defendants Korkmaz, Jacob Kingston, Isaiah Kinston, and Lev Dermen. The Court finds that defendants' motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

### A. Litigation History

The procedural history of the lawsuit is long and well-known to the parties, so the Court sets forth only the facts relevant to the instant motion.

On February 18, 2019, plaintiff initially filed suit in the District of New Hampshire against seven defendants, who are American- and Turkish-based individuals and their affiliated companies. Dkt. 1. The suit alleges racketeering and fraud claims in connection with the 2016 sale by plaintiff of his airline, BoraJet, to the Korkmaz defendants. Plaintiff brought the following claims for relief: (1) violations of RICO, 18 U.S.C. §§ 1962(c), 1964(c), against all defendants; (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; (3) violation of New Hampshire's Consumer Protection Act against all defendants; (4) fraudulent misrepresentation against defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Korkmaz, Akol, Ozkaraman, SBK Turkey, and Bugaraj, (5) defamation against Korkmaz; and (6)–(7) invasion of privacy claims against Korkmaz. See generally id.

On July 27, 2020, the district court in New Hampshire issued an order determining it lacked jurisdiction over several of the defendants in the case, and transferred the action to the Central District of California on October 21, 2020. Dkt. 73.

On August 2, 2022, this Court ordered plaintiff to show cause no later than September 1, 2022, why this action should not be dismissed for lack of prosecution. Dkt. 126.

On September 1, 2022, plaintiff filed an amended complaint, naming several previously-identified "non-party co-conspirators" as defendants. Dkt. 131 ("FAC"). The FAC brings the following claims for relief: (1) violations of RICO, 18 U.S.C. § 1962(c), against defendants Korkmaz, Lev Aslan Dermen, Jacob Ortell Kingston, Isaiah Kingston, Fatih Akol, Kamil Feridun Ozkaraman, Washakie Renewable Energy, LLC, SBK Turkey, SBK USA, Bugaraj, and Mega Varlik (the "RICO defendants"); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; and (3) violations of the New Hampshire Consumer Protection Act against all defendants. See generally id.

On October 17, 2022, defendants Korkmaz, SBK Turkey, and Bugaraj filed the instant motion to stay the entire case pending resolution of two ongoing criminal cases in the District of Utah, U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah) (the "Korkmaz Criminal Action"), and U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah) (the "Kingston/Dermen Criminal Action") (together with the Korkmaz Criminal Action, the "Utah Federal Criminal Actions"). Dkt. 179 ("Mot.").

The government and plaintiff do not oppose the requested stay. Id. at 4. None of the other defendants in the case have filed an opposition to the request.

B.   **Related Federal Criminal Proceedings in Utah**

On August 1, 2018, the government indicted Jacob Kingston, Isaiah Kinston, and Lev Dermen in U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah). All three individuals were named as "non-party co-conspirators" in plaintiff's original complaint and were subsequently named as defendants in plaintiff's FAC filed this year. See Dkts. 1, 131. The charges in the Kingston/Dermen Criminal Action relate to the renewable fuel tax credit scheme that forms part of the basis for plaintiff's RICO allegations in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

instant case. Mot. at 3. Jacob and Isaiah Kingston pleaded guilty and Dermen was convicted, and now all three await sentencing. Id.

On April 4, 2021, the government indicted Korkmaz in U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah), "on charges of conspiracy to commit money laundering offenses, wire fraud, and obstruction of [justice] in connection with the renewable fuel tax credit scheme that forms the basis of [plaintiff's] RICO suit." Mot. at 6. Korkmaz pleaded not guilty and awaits trial while incarcerated in Utah. Id. at 4.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. Id. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Although there is no requirement that a court stay a civil action pending the outcome of a related criminal proceeding, a court may choose to do so "when the interests of justice seem [ ] to require such action." Keating, 45 F.3d at 324 (quotation marks omitted).

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." Id. In addition, Keating instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." Id. Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). In such cases, allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. Id. at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. Id.

### III. DISCUSSION

#### A. Fifth Amendment Privilege

Here, the Korkmaz defendants argue that "Korkmaz's 'Fifth Amendment concerns are substantial' because Ayasli's 'allegations in [his] civil complaint overlap significantly with the criminal charges' [a]gainst Korkmaz." Mot. at 7 (quoting Wimbledon Fund v. Graybox, LLC, No. 2:15-CV-6633-CAS(AJWX), 2017 WL 11628850, at *4 (C.D. Cal. Jan. 9, 2017)). In particular, the superseding indictment against Korkmaz alleges that Korkmaz and his coconspirators laundered part of the proceeds from the renewable fuel tax credit scheme through their purchase of BoraJet. Id. at 7 (citing FAC ¶¶ 450, 452, 463; Korkmaz Criminal Action, Dkt. 5, Superseding Indictment ¶¶ 13, 14.i). Accordingly, the Korkmaz defendants argue that Korkmaz's Fifth Amendment concerns are significant. They additionally argue that his Fifth Amendment concerns also implicate and justify a stay against SBK Turkey and Bugaraj, because "[i]f a a 'key witness['s] . . . assertion of his Fifth Amendment privilege is likely to prejudice' a corporate entity, then a stay in favor of the corporate entity is warranted." Id. at 8 (quoting Wimbledon Fund, 2017 WL 11628850, at *4)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

The Court finds that Korkmaz's Fifth Amendment concerns are significant, where, as here, the factual allegations in parallel criminal and civil proceedings "wholly or substantially overlap[,]" a comparison of the complaint with the indictment is sufficient to allow the Court to conclude that the defendant's Fifth Amendment right is implicated to a significant degree, and no additional showing is required. See Alexander, 2010 WL 5388000, at *3 ("where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case"); eBay, Inc. v. Digital Point Sols., Inc., No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) (Fifth Amendment concerns weigh in favor of a stay "when simultaneous civil and criminal proceedings involve the same or closely related facts."). Accordingly, the Court finds Korkmaz's Fifth Amendment concerns weigh in favor of a stay as to himself.

### B. Other Keating Factors

As described above, the remaining five Keating factors are: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25.

As to the first factor, the plaintiff's interest in proceeding expeditiously, the Korkmaz defendants contend it is not implicated here because plaintiff does not oppose the requested stay. Mot. at 9. As to the second factor, the burden on defendants, the Korkmaz defendants argue that it weighs in favor of the stay to avoid "seriously burdening Korkmaz and prejudicing his criminal defense." Id. (internal quotation and formatting omitted). The Korkmaz defendants argue that the convenience of the court factor likewise weighs in favor of the stay because a stay of the instant litigation in its early stages "would make efficient use of judicial resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." Id. at 10 (quoting Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc., No. 2:09-CV-0954-FCD-EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009)).

Additionally, they argue that the interest of non-parties weighs strongly in favor because the "most important non-party with a tangible interest," the government, favors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | November 16, 2022 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

the stay. Id. (citing Sec. & Exch. Comm'n v. Christian Stanley, Inc., No. 2:11-CV-7147-GHK-MANX, 2012 WL 13009158, at *6 (C.D. Cal. Sept. 6, 2012) ("In evaluating the government's request to stay a civil proceeding or aspects of a civil proceeding, courts have generally recognized the government's strong interest in preserving the integrity of the criminal proceeding.")).

Finally, the Korkmaz defendants argue that the public interest factor weighs in favor of the stay because the public interest "is better served by the criminal proceedings." Id. at 10–11 (quoting Delphi Connection Sys., LLC v. Koehlke Components, Inc., No. 8:12-CV-01356-CJC-MLGX, 2012 WL 12895670, at *6 (C.D. Cal. Oct. 17, 2012)).

The Court agrees with the Korkmaz defendants and finds that the Keating factors all weigh in favor of the stay, particularly in light of the fact that the government favors the stay so that the pending criminal proceedings may resolve without interference. See Dkt. 179-3 ("The Govt favors a stay of the entire proceedings as to all defendants pending resolution of the Korkmaz, and JOK and LT matters.").

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the Korkmaz defendants' motion to stay the case.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |