UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Kevin Lally
Robert Miller

Attorneys Present for Defendants:
David Gelfand
Nafiz Cekirge

**Proceedings:** ZOOM HEARING RE: ORDER ON PLAINTIFF YALCIN AYASLI'S MOTION FOR LIMITED LIFT OF STAY OF PROCEEDINGS (Dkt. 199, filed on June 30, 2025)

## I. INTRODUCTION

Presently before the Court is the motion of plaintiff Yalcin Ayasli ("plaintiff" or "Ayasli") for a limited lifting of the Court's stay of this case so that plaintiff may file a second amended complaint and to permit the litigation of procedural and jurisdictional motions, while maintaining a stay of merits discovery through the trial of the last related criminal prosecution, United States v. Grigor Termendjian, No. CR 23-453-JLS. Dkt. 199 ("Mot."). Plaintiff submitted a declaration by his counsel in support of the instant motion. Dkt. 200 ("Decl.").

On July 21, 2025, defendant Sezgin Baran Korkmaz ("Korkmaz") filed an opposition to the instant motion to lift stay. Dkt. 205 ("Opp."). Attached as Exhibit A to Korkmaz's opposition is the United States' Statement of Interest, in which the government objects to plaintiff's request to partially lift the stay of this action, submitted by the United States pursuant to 28 U.S.C. § 517. Dkt. 205-1. On August 11, 2025, plaintiff filed a reply. Dkt. 209 ("Reply").

On August 25, 2025, the Court held a hearing on the instant motion. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

## II. BACKROUND

### A. Litigation History

The procedural history of the lawsuit is long and well-known to the parties, so the Court sets forth only the facts relevant to the instant motion.

On February 18, 2019, plaintiff initially filed suit in the District of New Hampshire against seven defendants, who are American- and Turkish-based individuals and their affiliated companies. Dkt. 1. The suit alleges racketeering and fraud claims in connection with the 2016 sale by plaintiff of his airline, BoraJet, to the Korkmaz defendants. Plaintiff brought the following claims for relief: (1) violations of RICO, 18 U.S.C. §§ 1962(c), 1964(c), against all defendants; (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; (3) violation of New Hampshire's Consumer Protection Act against all defendants; (4) fraudulent misrepresentation against defendants Korkmaz, Akol, Ozkaraman, SBK Holdings Anonim Sirketi, and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri Anonim Sirketi, (5) defamation against Korkmaz; and (6)–(7) invasion of privacy claims against Korkmaz. See generally id.

On July 27, 2020, the district court in New Hampshire issued an order determining it lacked jurisdiction over several of the defendants in the case, and it transferred the action to the Central District of California on October 21, 2020. Dkt. 73.

On August 2, 2022, this Court ordered plaintiff to show cause no later than September 1, 2022, why this action should not be dismissed for lack of prosecution. Dkt. 126.

On September 1, 2022, plaintiff filed an amended complaint, naming several previously-identified "non-party co-conspirators" as defendants. Dkt. 131 ("FAC"). The FAC brings the following claims for relief: (1) violations of RICO, 18 U.S.C. § 1962(c), against defendants Korkmaz, Lev Aslan Dermen, Jacob Ortell Kingston, Isaiah Kingston, Fatih Akol, Kamil Feridun Ozkaraman, Washakie Renewable Energy, LLC, SBK Holdings A.S., Inc., SBK Holdings USA, Inc., Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S., and Mega Varlik (the "RICO defendants"); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; and (3) violations of the New Hampshire Consumer Protection Act against all defendants. See generally id.

On October 17, 2022, defendants Korkmaz, SBK Holdings A.S., Inc., and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S. filed a motion for stay of the entire action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

pending resolution of two ongoing criminal cases in the District of Utah, U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah) (the "Korkmaz Criminal Action"), and U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah) (the "Kingston/Dermen Criminal Action") (together with the Korkmaz Criminal Action, the "Utah Federal Criminal Actions"). Dkt. 179. The government and plaintiff did not oppose the requested stay. Id. at 4. None of the other defendants in the case filed an opposition to the request.

On November 16, 2022, the Court applied the multi-factor *Keating* analysis to the request and granted the motion to stay the action pending ongoing criminal proceedings. Dkt. 183. On the same day, the Court ordered that counsel file a joint report detailing the status regarding the related criminal proceedings on or before March 16, 2023, and every quarter thereafter, until the stay has been lifted or otherwise ordered by the Court. Dkt. 184.

In compliance with the Court's order, plaintiff and defendants Korkmaz, SBK Holdings A.S., Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S., Fatih Akol, and Jacob Ortell Kingston have submitted ten joint status reports as of July 23, 2025. Dkts. 185-190, 192, 197, 198, 206.

### B. Related Federal Criminal Proceedings

The Court's stay order for this case references two related criminal proceedings, the Kingston/Dermen Criminal Action and the Korkmaz Criminal Action. Dkt. 183 at 2-3. The Second Joint Status Report, filed on June 14, 2023, reports another "parallel criminal proceeding" against Grigor Termendjian, U.S. v. Termendjian, No. 2:23-cr-00119-DAK-1 (D. Utah) (the "Termendjian Criminal Action"). Dkt. 186 at 3. Grigor Termendjian is not a defendant in plaintiff's FAC; he is the brother of defendant Lev Dermen. Id. The government indicted Grigor Termendjian on March 29, 2023, and, according to the Second Joint Status Report, the government's position at that time was that plaintiff's civil matter remain stayed until the Termendjian Criminal Action is concluded. Id.

    1.    Kingston/Dermen Criminal Action

On August 1, 2018, the government indicted Jacob Kingston, Isaiah Kinston, and Lev Dermen in U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah). All three individuals were named as "non-party co-conspirators" in plaintiff's original complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

and were subsequently named as defendants in plaintiff's FAC. See Dkts. 1, 131. The charges in the Kingston/Dermen Criminal Action relate to the renewable fuel tax credit scheme that forms part of the basis for plaintiff's RICO allegations in plaintiff's civil action. Dkt. 179 at 3.

At the time that Korkmaz, SBK Holdings A.S., Inc., and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S. moved to stay this civil action, Jacob and Isaiah Kingston had pled guilty, and Dermen had been convicted. Id. All three were awaiting sentencing. Id.

On May 24, 2023, and May 25, 2023, the District Court for the District of Utah entered judgment against the three defendants as follows:

    a. Jacob Kingston: 216 months incarceration and $511,842,773.00 restitution;
    b. Isaiah Kingston: 144 months incarceration and $511,842,773.00 restitution;
    c. Lev Dermen: 480 months incarceration and $511,842,773.00 restitution.

Dkt. 186 at 3. On June 5, 2023, Dermen appealed the judgment against him. Id. According to the latest joint status report, on October 18, 2023, Dermen filed a motion for a new trial, which is still pending. Dkt. 206 at 2. Dermen's appeal was denied on July 9, 2025. Id.

    2.    Korkmaz Criminal Action

On April 4, 2021, the government indicted Korkmaz in U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah), "on charges of conspiracy to commit money laundering offenses, wire fraud, and obstruction of [justice] in connection with the renewable fuel tax credit scheme that forms the basis of [plaintiff's] RICO suit." Dkt. 179 at 6. At the time that the motion for stay had been filed, Korkmaz had pled not guilty was awaiting trial while incarcerated in Utah. Id. at 4.

The first joint status report states that a jury trial in the Korkmaz Criminal Action was scheduled for October 30, 2023. Dkt. 185 at 3. The second joint status report states the same. Dkt. 186 at 3. The third, fourth, fifth, and sixth joint status reports state: "The criminal action against Korkmaz is still pending and is not expected to conclude in this reporting period." Dkts. 187-190. The seventh and eighth joint status reports state: "The criminal action against Korkmaz recently was continued at Korkmaz's request until March 10, 2025, and therefore, remains ongoing." Dkts. 192, 197. The ninth and tenth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

joint status reports state: "The criminal action against Korkmaz remains pending." Dkts. 198, 206.

Plaintiff asserts in the instant motion, and the government's statement of interest confirms, that the docket in the Korkmaz Criminal Action has been sealed since January 27, 2025. Mot. at 3-4, 15; Dkt. 205-1 at 3. There is no published docket activity for the Korkmaz Criminal Action since January 27, 2025, rendering it impossible for plaintiff to monitor the status of the Korkmaz Criminal Action. Mot. at 3-4.

Plaintiff asserts in the instant motion for limited lift of stay that:

"During meet-and-confer discussions about the proposed scope of the instant motion, which included discussions authoritatively confirmed that: (1) Korkmaz had pled guilty; (2) the government believed that a stay of discovery, including depositions, would be required through the completion of the Termendjian trial due to Korkmaz's expected testimony at that trial; and (3) the Korkmaz Criminal Action would conclude after the Termendjian trial with Korkmaz's sentencing."

Mot. at 15; see also Decl. ¶ 62.

In his opposition to the instant motion, Korkmaz characterizes plaintiff's assertion that Korkmaz pled guilty as "speculation because Korkmaz's criminal proceedings are sealed." Opp. at 4. The government's statement of interest denies that Korkmaz has pled guilty to his involvement in the money laundering scheme at issue in plaintiff's civil action. Dkt. 205-1 at 4 ("Ayasli suggests that 'at a minimum,' Korkmaz has pled guilty to the money laundering charges in the Complaint. (ECF No. 199 at 16.) Korkmaz did not plead guilty to any money laundering charges.").

    3.    Termendjian Criminal Action

On March 29, 2023, the government indicted Grigor Termendjian in U.S. v. Termendjian, No. 2:23-cr-00119-DAK-1 (D. Utah). Dkt. 206 at 2. On September 12, 2023, the Termendjian Criminal Action was transferred to the Central District of California, No. 2:23-cr-00453-JLS. Id. Trial was initially set for March 19, 2024, but it has been continued multiple times and is currently set for March 3, 2026. Dkt. 188 at 3-4; Dkt. 206 at 2; Reply at 3.

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

## III. LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. Id. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Although there is no requirement that a court stay a civil action pending the outcome of a related criminal proceeding, a court may choose to do so "when the interests of justice seem [ ] to require such action." Keating, 45 F.3d at 324 (quotation marks omitted).

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." Id. In addition, Keating instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." Id. Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). In such cases, allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the

Case 2:20-cv-09388-CAS-PD   Document 210   Filed 08/25/25   Page 7 of 12   Page ID #:2860

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

defense strategy to the prosecution before the criminal trial, or cause other prejudice. Id. at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. Id.

## IV. DISCUSSION

On November 16, 2022, the Court granted defendants' unopposed motion to stay plaintiff's civil action after concluding that Korkmaz's Fifth Amendment concerns were significant and the remaining Keating factors weighed in favor of the stay. Dkt. 183 at 5-6. In light of plaintiff's motion, the Court revisits the analysis of defendant's Fifth Amendment concerns and the Keating factors. The Court finds that circumstances continue to favor maintaining a stay of this civil action so that the pending, related criminal proceedings may resolve without interference.

### A. Defendants' Fifth Amendment Concerns

In the Court's stay order from November 2022, the Court found that the money laundering charges in the indictment against Korkmaz overlap significantly with the allegations in plaintiff's civil complaint. Dkt. 183 at 4. For this reason, the Court found that Korkmaz's Fifth Amendment concerns were significantly implicated by the parallel criminal and civil proceedings and thus weighed in favor of a stay as to Korkmaz. Id.

According to plaintiff, at the time of the stay, Korkmaz had only recently been extradited to stand trial, and plaintiff did not oppose the stay largely because the government had "expressed a commitment to expeditiously bringing Korkmaz to justice through a guilty plea or trial conviction." Mot. at 18-21. Now, almost three years later, plaintiff contends that Korkmaz has pled guilty in the Korkmaz Criminal Action such that Korkmaz's Fifth Amendment rights are no longer implicated in such a manner as to substantially prejudice Korkmaz by having to proceed with the civil action while awaiting sentencing in the Korkmaz Criminal Action. Id. at 20.

In opposition, Korkmaz argues that plaintiff cannot know whether Korkmaz has, in fact, pled guilty in the Korkmaz Criminal Action because the proceedings are sealed. Opp. at 4. Furthermore, Korkmaz argues that he continues to have Fifth Amendment rights through sentencing because the district court is not required to follow the government's sentencing recommendation, and incriminating testimony elicited during the civil action could establish relevant conduct for sentencing purposes. Accordingly,

Case 2:20-cv-09388-CAS-PD   Document 210   Filed 08/25/25   Page 8 of 12   Page ID #:2861

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Korkmaz argues that his Fifth Amendment concerns continue to weigh in favor of the stay. Id.

In reply, plaintiff maintains that Korkmaz has pled guilty to the money laundering charges that overlap with this civil action, and plaintiff argues that Korkmaz's Fifth Amendment rights through sentencing do not warrant a stay. Reply at 8-9.

The Court recognizes that the status of the Korkmaz Criminal Action is unclear because the docket is sealed. While the Court agrees with plaintiff that the extent to which Korkmaz's Fifth Amendment concerns would be implicated by defending the civil action would be diminished after a conviction or guilty plea, the Court also agrees with Korkmaz that his Fifth Amendment rights extend through sentencing. "However, rather than there being a bright line rule about whether to impose a stay because the defendant's Fifth Amendment rights are actually implicated, it is clear that such decisions are left to the court's discretion depending on the facts of the particular case." Square 1 Bank v. Lo, No. 12-CV-05595-JSC, 2014 WL 7206874, at *2 (N.D. Cal. Dec. 17, 2014) (comparing a case where a district court stayed civil discovery pending sentencing with a case where a district court declined to stay civil proceedings pending the defendant's sentencing in a related criminal case). Here, the Court finds that this factor does not weigh in favor of lifting the stay, but the fact that Korkmaz may be awaiting sentencing is not dispositive.

### B. Interest of Plaintiff in Proceeding Expeditiously with this Litigation and the Potential Prejudice to Plaintiff of a Delay

The Court previously found that this factor was not at issue because plaintiff did not oppose the requested stay. Dkt. 183 at 5. Now, plaintiff does raise this issue. Mot. at 20-22. Plaintiff argues that Korkmaz's alleged cooperation with the government in criminal proceedings has delayed those criminal proceedings with the effect of adding years to the anticipated length of this stay of plaintiff's civil action. Id. Plaintiff argues that he would be fatally prejudiced should the extended criminal proceedings ultimately allow Korkmaz to shield himself from ever having to fully litigate plaintiff's civil action. Id. Finally, plaintiff contends that at 79 years of age, the opportunity for plaintiff to meaningfully participate in his civil action as a critical witness is decreasing. Id.

In opposition, Korkmaz argues that plaintiff's civil action is simply a collateral attack on Korkmaz relating to Turkish litigation arising out of the sale of BoraJet. Opp. at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

In reply, plaintiff argues that Korkmaz's argument that plaintiff's civil claims are without merit is misplaced, and that Korkmaz can bring a Rule 12 motion once the stay is lifted. Reply at 9-10.

The Court finds that this factor weighs in favor of lifting the stay but other factors weigh in favor of maintaining the stay. Korkmaz's argument as to the merits of plaintiff's claims can be raised after the stay is lifted in its entirety. The Court finds that plaintiff's request for a limited lift of stay to file a second amended complaint and to litigate procedural and jurisdictional motions would not materially advance plaintiff's interest in the resolution of his civil action on the merits. The Court concludes that maintaining a stay of this civil action until the related criminal proceedings are resolved does not impose unfair prejudice on plaintiff.

### C. Burden on Defendants

Plaintiff and Korkmaz's arguments as to this Keating factor mirror their arguments relating to Korkmaz's Fifth Amendment concerns.

### D. Convenience of the Court and Judicial Efficiency

Next, plaintiff argues that court resource considerations now favor a limited lifting of the stay. Mot. at 23. With criminal convictions of defendants Kingston, Dermen, and allegedly Korkmaz now in place, plaintiff contends that these common issues of fact once favoring a stay pending the criminal proceedings have been resolved. Id. Plaintiff acknowledges that the sealed filings of Korkmaz's criminal proceedings means the extent to which Korkmaz will be available to litigate the civil action is unknown. Id. For this reason, Korkmaz asks for a limited lifting of the stay so that plaintiff can file a second amended complaint and utilize the time before the Termendjian trial and Korkmaz's subsequent sentencing to ensure that the civil proceedings occur with Korkmaz still present in the United States before any potential extradition to Türkiye. Id.

In opposition, Korkmaz argues that this factor remains unchanged because there are still pending criminal proceedings, and it is in the best interest of judicial economy to let those proceedings come to their conclusion before the stay is lifted. Opp. at 5.

"Courts have recognized that this Keating factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.' Staying a civil case until the resolution of a criminal case is inconvenient for the court." ESG Cap. Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) (citing Fed. Sav. & Loan Ins. Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989)). However, plaintiff's request for a limited lift of stay at this time would not advance the Court's interests in judicial efficiency because litigation on the merits would remain stayed. Thus, this factor does not weigh in favor of plaintiff's request.

### E. Interests of Non-Parties

The Court gave significant weight to the government's support of the initial stay of the entire civil action so that the pending criminal actions may resolve without interference. Dkt. 183 at 6.

Plaintiff now argues that the government, with full knowledge of its remaining interests, assented to plaintiff's request to lift the stay to allow the civil action to advance by the filing of a second amended complaint the litigation of pre-merits procedural and jurisdictional motion practice. Mot. at 24; Decl. ¶ 63.[1]

In opposition, Korkmaz points to the government's statement of interest, stating that the government still favors a stay. Opp. at 6; Dkt. 205-1.

The government's statement of interest acknowledges that it initially agreed to plaintiff's "limited" request to get "purely procedural" matters out of the way. Dkt. 205-1 at 2. However, after reading plaintiff's motion "filled with speculation masquerading as fact about the charges that Korkmaz has pled to and his status as a government informant," the government states that it must now object to plaintiff's request "in what should have been a straightforward procedural motion." Id. The government accuses plaintiff of making baseless statements to frighten Korkmaz and his family. Id. The government identifies several inaccurate assertions from plaintiff's motion, including that Korkmaz has pled guilty to money laundering charges. Id. at 4. The government now opposes plaintiff's request, even for a limited lift of stay, because plaintiff's "fast-and-loose description of Korkmaz's criminal proceedings will put the Government's case in jeopardy if the stay is lifted." Id. Furthermore, the government argues that plaintiff's accusations against Korkmaz invite responses that "put the sealing order in the criminal proceedings at risk," and "the Government has little faith that Ayasli will not continue to compromise the Government's case in additional filings." Id. at 5.

---

[1] Plaintiff notes that Grigor Termendjian's counsel supports plaintiff's instant motion for a limited lift of stay. See Decl. ¶ 27. Termendjian is not a party to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

In reply, plaintiff contends that his so-called "outing" of Korkmaz's status as a government informant does not threaten Korkmaz or his family or cause harm to the government's cases because Korkmaz's status as a government informant has been repeatedly reported in the local, national, and international press and has been extensively and publicly litigated, without government objection, in no fewer than seven publicly docketed court filings in the Termendjian Criminal Action. Reply at 5, 17-20. Furthermore, plaintiff argues that the government's continued assent to his request for a limited lift of stay would have been preferred but is not necessary for the Court to grant plaintiff's request. Id. at 15-16.

The Court is persuaded that, in light of plaintiff's assertions in this instant motion, a lifting of the stay of this civil action could interfere with the government's criminal prosecutions. To the extent that Korkmaz is a cooperating witness in the Termendjian Criminal Action, the Court finds it appropriate to maintain a stay of this civil action so that Korkmaz's testimony may not be undermined by unfounded or misleading allegations in civil filings. See Martin v. La Luz Del Mundo, No. 2:20-CV-01437-ODW-(ASX), 2020 WL 6743591, at *5 (C.D. Cal. Sept. 29, 2020) ("[A] paramount concern here is the Government's interest in protecting the identities of witnesses . . . in the related ongoing criminal investigation and proceeding."). The Court concludes that this factor weighs heavily in favor of maintaining a stay of this civil action.

### F. Interest of the Public in the Pending Civil and Criminal Litigation

In the Court's stay order, the Court found that the interest of the public weighed in favor of a stay because the public interest is better served by the criminal proceedings. Dkt. 183 at 6.

Plaintiff now argues that the public interest in prosecution of criminals is addressed by his proposed limited lifting of the stay, and the public's interest in ensuring that victims of fraud can pursue redress through civil actions squarely favors a limited lifting of the stay. Mot. at 25.

In opposition, Korkmaz argues that plaintiff's incorrect conjectures about Korkmaz's status as a government informant and charges that he has allegedly pled guilty to pose threats to the government's criminal cases, such that the public interest in criminal proceedings continues to be better served by a stay. Opp. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | August 25, 2025 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

The Court finds that this factor continues to weigh in favor of maintaining a complete stay of this civil action because "the public [ ] has an interest in safeguarding the integrity of criminal proceedings." Petrov v. Alameda Cnty., No. 16-CV-04323-YGR, 2016 WL 6563355, at *7 (N.D. Cal. Nov. 4, 2016) (citing SEC v. Nicholas, 569 F. Supp. 2d 1065, 1072–73 (C.D. Cal. 2008)). Furthermore, the public's interest in ensuring that victims of fraud can pursue redress through civil actions would not be advanced by plaintiff's requested limited lifting of the stay of this civil action.

The Court concludes that, on balance, Korkmaz's Fifth Amendment concerns and the Keating factors continue to weigh in favor of the stay so that pending criminal proceedings may resolve without interference.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to lift the stay of this action for the limited purpose of filing a second amended complaint and litigating procedural and jurisdictional motions.

IT IS SO ORDERED.

| | 00 | : | 29 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |