UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Present: The Honorable          CHRISTINA A. SNYDER

| | | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kevin Lally | Nafiz Cekirge |
| Robert Miller | Teny Geragos |

**Proceedings:**       ZOOM HEARING RE: ORDER ON PLAINTIFF YALCIN AYASLI'S RENEWED MOTION FOR LIMITED LIFT OF STAY OF PROCEEDINGS (Dkt. 219, filed on March 9, 2026)

## I.    INTRODUCTION

On March 9, 2026, plaintiff Yalcin Ayasli ("plaintiff" or "Ayasli") filed a renewed motion of for a limited lifting of the Court's stay of this case so that plaintiff may file a Second Amended Complaint and to permit the litigation of procedural and jurisdictional motions, while maintaining a stay of merits discovery through the conclusion of related federal criminal proceedings. Dkt. 219 ("Mot."). Defendants Fatih Akol and Jacob Kingston each informed plaintiff's counsel that they take no position on this motion. Mot. at ii.

On April 3, 2026, defendant Sezgin Baran Korkmaz ("Korkmaz") filed an opposition to the instant renewed motion for a limited lift of stay. Dkt. 223 ("Opp.").

On April 10, 2026, plaintiff filed a reply. Dkt. 225 ("Reply").

On April 20, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKROUND

### A. Litigation History

The procedural history of the lawsuit is long and well known to the parties, so the Court sets forth only the facts relevant to the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                      'O'

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

On February 18, 2019, plaintiff initially filed suit in the District of New Hampshire against seven defendants, who are American- and Turkish-based individuals and their affiliated companies. Dkt. 1. The suit alleges racketeering and fraud claims in connection with the 2016 sale by plaintiff of his airline, BoraJet, to the Korkmaz defendants. Plaintiff brought the following claims for relief: (1) violations of RICO, 18 U.S.C. §§ 1962(c), 1964(c), against all defendants; (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; (3) violation of New Hampshire's Consumer Protection Act against all defendants; (4) fraudulent misrepresentation against defendants Korkmaz, Akol, Ozkaraman, SBK Holdings Anonim Sirketi, and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri Anonim Sirketi, (5) defamation against Korkmaz; and (6)–(7) invasion of privacy claims against Korkmaz. See generally id.

On July 27, 2020, the district court in New Hampshire issued an order determining it lacked jurisdiction over several of the defendants in the case, and it transferred the action to the Central District of California on October 21, 2020. Dkt. 73.

On August 2, 2022, this Court ordered plaintiff to show cause no later than September 1, 2022, why this action should not be dismissed for lack of prosecution. Dkt. 126.

On September 1, 2022, plaintiff filed an amended complaint, naming several previously identified "non-party co-conspirators" as defendants. Dkt. 131 ("FAC"). The FAC brings the following claims for relief: (1) violations of RICO, 18 U.S.C. § 1962(c), against defendants Korkmaz, Lev Aslan Dermen, Jacob Ortell Kingston, Isaiah Kingston, Fatih Akol, Kamil Feridun Ozkaraman, Washakie Renewable Energy, LLC, SBK Holdings A.S., Inc., SBK Holdings USA, Inc., Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S., and Mega Varlik (the "RICO defendants"); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d), against all defendants; and (3) violations of the New Hampshire Consumer Protection Act against all defendants. See generally id.

On October 17, 2022, defendants Korkmaz, SBK Holdings A.S., Inc., and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S. filed a motion for stay of the entire action pending resolution of two ongoing criminal cases in the District of Utah, U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah) (the "Korkmaz Criminal Action"), and U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah) (the "Kingston/Dermen Criminal Action") (together with the Korkmaz Criminal Action, the "Utah Federal Criminal Actions"). Dkt. 179. The government and plaintiff did not oppose the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　**'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

requested stay. Id. at 4. None of the other defendants in the case filed an opposition to the request.

On November 16, 2022, the Court applied the multi-factor Keating analysis to the request and granted the motion to stay the action pending ongoing criminal proceedings. Dkt. 183. On the same day, the Court ordered that counsel file a joint report detailing the status regarding the related criminal proceedings on or before March 16, 2023, and every quarter thereafter, until the stay has been lifted or otherwise ordered by the Court. Dkt. 184.

In compliance with the Court's order, plaintiff and defendants Korkmaz, SBK Holdings A.S., Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S., Fatih Akol, and Jacob Ortell Kingston have submitted eleven joint status reports, most recently on October 23, 2025. Dkts. 185-190, 192, 197, 198, 206, 217, 218.[1]

### B. Plaintiff's Previous Motion for a Limited Lift of Stay

On June 30, 2025, plaintiff filed a motion for a limited lifting of the Court's stay of this case so that plaintiff may file a Second Amended Complaint and to permit the litigation of procedural and jurisdictional motions, while maintaining a stay of merits discovery through the trial of a related federal criminal proceeding. Dkt. 199.

On July 21, 2025, defendant Sezgin Baran Korkmaz ("Korkmaz") filed an opposition to the motion. Dkt. 205. Korkmaz attached as Exhibit A to the opposition the United States' Statement of Interest, in which the government objected to plaintiff's request to partially lift the stay of proceedings in this action, submitted by the United States pursuant to 28 U.S.C. § 517. Dkt. 205-1.

On August 25, 2025, the Court held a hearing on plaintiff's motion. On August 25, 2025, after the hearing, the Court issued an order denying plaintiff's motion. Dkt. 210.

---

[1] In defendants' most recent status report, dkt. 217, filed on October 23, 2025, defendants state that "[t]he parties will file a Twelfth Joint Status Report on or before January 23, 2026." Dkt. 217. As of the date of this order, the parties have yet to file a twelfth status report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

On September 8, 2025, plaintiff filed a motion for reconsideration of the Court's order. Dkt. 211. On October 3, 2025, the Court denied plaintiff's motion for reconsideration. Dkt. 215.

### C. Related Federal Criminal Proceedings

The Court's stay order for this case references two related criminal proceedings, the Kingston/Dermen Criminal Action and the Korkmaz Criminal Action. Dkt. 183 at 2-3. The Second Joint Status Report, filed on June 14, 2023, reports a third "parallel criminal proceeding" against Grigor Termendjian, U.S. v. Termendjian, No. 2:23-cr-00119-DAK-1 (D. Utah) (the "Termendjian Criminal Action"). Dkt. 186 at 3. Grigor Termendjian is not a defendant in plaintiff's FAC; he is the brother of defendant Lev Dermen. Id. The government indicted Grigor Termendjian on March 29, 2023, and, according to the Second Joint Status Report, the government's position at that time was that plaintiff's civil matter should remain stayed until the Termendjian Criminal Action is concluded. Id.

### 1.    Kingston/Dermen Criminal Action

On August 1, 2018, the government indicted Jacob Kingston, Isaiah Kinston, and Lev Dermen in U.S. v. Kingston, et al., No. 18-cr-365-JP-BCW (D. Utah). All three individuals were named as "non-party co-conspirators" in plaintiff's original complaint and were subsequently named as defendants in plaintiff's FAC. See Dkts. 1, 131. The charges in the Kingston/Dermen Criminal Action relate to the renewable fuel tax credit scheme that forms part of the basis for plaintiff's RICO allegations in plaintiff's civil action. Dkt. 179 at 3.

At the time that Korkmaz, SBK Holdings A.S., Inc., and Bugaraj Elektronik Ticaret ve Bilisim Hizmetleri A.S. moved to stay this civil action, Jacob and Isaiah Kingston had pled guilty, and Dermen had been convicted. Id. All three were awaiting sentencing. Id.

On May 24, 2023, and May 25, 2023, the District Court for the District of Utah entered judgment against the three defendants as follows:

a.  Jacob Kingston: 216 months incarceration and $511,842,773.00 restitution;
b.  Isaiah Kingston: 144 months incarceration and $511,842,773.00 restitution;
c.  Lev Dermen: 480 months incarceration and $511,842,773.00 restitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

Dkt. 186 at 3. On June 5, 2023, Dermen appealed the judgment against him. Id. According to the tenth joint status report, on October 18, 2023, Dermen filed a motion for a new trial, which is still pending. Dkt. 206 at 2. Dermen's appeal was denied on July 9, 2025. Id.

      2.      Korkmaz Criminal Action

On April 4, 2021, the government indicted Korkmaz in U.S. v. Korkmaz, No. 21-cr-00140-JNP-CMR-1 (D. Utah), "on charges of conspiracy to commit money laundering offenses, wire fraud, and obstruction of [justice] in connection with the renewable fuel tax credit scheme that forms the basis of [plaintiff's] RICO suit." Dkt. 179 at 6. At the time that the motion for stay had been filed, Korkmaz had pled not guilty was awaiting trial while incarcerated in Utah. Id. at 4.

The first joint status report states that a jury trial in the Korkmaz Criminal Action was scheduled for October 30, 2023. Dkt. 185 at 3. The second joint status report states the same. Dkt. 186 at 3. The third, fourth, fifth, and sixth joint status reports state: "The criminal action against Korkmaz is still pending and is not expected to conclude in this reporting period." Dkts. 187-190. The seventh and eighth joint status reports state: "The criminal action against Korkmaz recently was continued at Korkmaz's request until March 10, 2025, and therefore, remains ongoing." Dkts. 192, 197. The ninth, tenth, and eleventh joint status reports state: "The criminal action against Korkmaz remains pending." Dkts. 198, 206, 217.

Plaintiff asserted in his previous motion, and the government's statement of interest confirmed, that the docket in the Korkmaz Criminal Action has been sealed since January 27, 2025. Dkt. 199 at 3-4, 15; Dkt. 205-1 at 3. There is no published docket activity for the Korkmaz Criminal Action since January 27, 2025, rendering it impossible for plaintiff to monitor the status of the Korkmaz Criminal Action. Mot. at 3-4.

Plaintiff asserted in his initial motion for limited lift of stay that discussions with Korkmaz's counsel "authoritatively confirmed that: (1) Korkmaz had pled guilty; (2) the government believed that a stay of discovery, including depositions, would be required through the completion of the Termendjian trial due to Korkmaz's expected testimony at that trial; and (3) the Korkmaz Criminal Action would conclude after the Termendjian trial with Korkmaz's sentencing." Dkt. 199 at 15; see also dkt. 200 ¶ 62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

In his opposition to plaintiff's initial motion for a limited lift of stay, Korkmaz disputed plaintiff's assertion that Korkmaz had pled guilty as "speculation because Korkmaz's criminal proceedings are sealed." Dkt. 205 at 4. The government's statement of interest denied that Korkmaz has pled guilty as to his involvement in the money laundering scheme at issue in plaintiff's civil action. Dkt. 205-1 at 4 ("Ayasli suggests that 'at a minimum,' Korkmaz has pled guilty to the money laundering charges in the Complaint. (ECF No. 199 at 16.) Korkmaz did not plead guilty to any money laundering charges.").

> 3.    Termendjian Criminal Action

On March 29, 2023, the government indicted Grigor Termendjian in U.S. v. Termendjian, No. 2:23-cr-00119-DAK-1 (D. Utah). Dkt. 206 at 2. On September 12, 2023, the Termendjian Criminal Action was transferred to the Central District of California, No. 2:23-cr-00453-JLS. Id. Trial was initially set for March 19, 2024, but it has been continued multiple times. See dkt. 188 at 3-4; dkt. 206 at 2; dkt. 217 at 2. When the Court decided plaintiff's initial motion for a limited lift of stay, the Termendjian Criminal Action trial was scheduled for March 3, 2026. Dkt. 210. The trial has since been continued to October 13, 2026. Mot. at 3.

## III.    LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), cert. denied, 516 U.S. 827 (1995). Parallel civil and criminal proceedings are unobjectionable under Ninth Circuit precedent unless such proceedings substantially prejudice the rights of the parties involved. Id. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The party proposing a stay bears the burden of proving that a stay is warranted. Clinton v. Jones, 520 U.S. 681, 708 (1997).

A district court is vested with the discretion to stay an action based on its inherent authority to control its own docket. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Although there is no requirement that a court stay a civil action pending the outcome of a related criminal proceeding, a court may choose to do so "when the interests of justice seem [ ] to require such action." Keating, 45 F.3d at 324 (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

In deciding whether to grant a motion to stay civil proceedings in favor of parallel criminal proceedings, courts in the Ninth Circuit must consider the "extent to which the defendant's [F]ifth [A]mendment rights are implicated." Id. In addition, Keating instructs that courts should consider the following five factors: (1) the interest of the plaintiff in proceeding expeditiously with the litigation, and the possibility that plaintiffs would be prejudiced by a delay; (2) the burden which the proceedings may impose on defendants; (3) the convenience of the court and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the civil and criminal litigations. Id. at 324–25. Thus, while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." Id. Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980). In such cases, allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. Id. at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. Id.

## IV.   DISCUSSION

On November 16, 2022, the Court granted defendants' unopposed motion to stay plaintiff's civil action after concluding that Korkmaz's Fifth Amendment concerns were significant and the remaining Keating factors, on balance, weighed in favor of the stay. Dkt. 183 at 5-6. In evaluating plaintiff's first motion for a limited lift of stay, the Court revisited the analysis of defendant's Fifth Amendment concerns and the Keating factors. Dkt. 210. At that time, the Court found that, on balance, the Keating factors continued to favor maintaining a stay of this civil action so that the pending, related criminal proceedings may resolve without interference. Id. In evaluating plaintiff's renewed motion for a limited lift of stay, the Court once again revisits the Keating analysis. In light of the government's conditional consent to a limited lift of the stay in this matter, and given the additional delay in the Termendjian Criminal Action, the Court finds that the factors now weigh in favor of granting plaintiff's motion for a limited lift of stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | |
|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx          Date   April 20, 2026 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. |

### A. Defendants' Fifth Amendment Concerns

In the Court's stay order from November 2022, the Court found that the money laundering charges in the indictment against Korkmaz overlap significantly with the allegations in plaintiff's civil complaint. Dkt. 183 at 4. For this reason, the Court found that Korkmaz's Fifth Amendment concerns were significantly implicated by the parallel criminal and civil proceedings against Korkmaz and thus weighed in favor of a stay as to Korkmaz. Id.

In the Court's August 2025 order denying plaintiff's first motion for a limited lift of stay, the Court acknowledged that the status of the Korkmaz Criminal Action is unclear because the docket is sealed. Dkt. 210 at 8. The Court agreed with Korkmaz that even if he had already pled guilty, his Fifth Amendment concerns would extend through sentencing, but the Court also found that the diminished Fifth Amendment concerns post-conviction or guilty plea pending sentencing are not dispositive. Id. The Court's analysis remains the same for this factor on the instant motion.

### B. Interest of Plaintiff in Proceeding Expeditiously with this Litigation and the Potential Prejudice to Plaintiff of a Delay

In the Court's stay order from November 2022, the Court found that this factor was not at issue because plaintiff did not oppose the requested stay. Dkt. 183 at 5.

In the Court's August 2025 order denying plaintiff's first motion for a limited lift of stay, the Court found that this factor weighed in favor of lifting the stay but did not outweigh the other factors. Dkt. 210 at 9. In light of the repeated continuances of the trial date in the Termendjian Criminal Action, the Court finds that this factor weighs more strongly in favor of partially lifting the stay.

### C. Burden on Defendants

Plaintiff and Korkmaz's arguments as to this Keating factor mirror their arguments relating to Korkmaz's Fifth Amendment concerns.

### D. Convenience of the Court and Judicial Efficiency

In the Court's stay order from November 2022, the Court found that a stay pending resolution of related criminal proceedings would promote judicial efficiency and convenience by ensuring that common issues of fact between the related criminal actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

and this civil action would be resolved and subsequent civil discovery could proceed unobstructed by concerns regarding self-incrimination. Dkt. 183 at 5.

In the Court's August 2025 order denying plaintiff's first motion for a limited lift of stay, dkt. 210 at 9-10, the Court recognized that this <u>Keating</u> factor generally "does not favor granting a stay, because 'the court has an interest in clearing its docket.' Staying a civil case until the resolution of a criminal case is inconvenient for the court." <u>ESG Cap. Partners LP v. Stratos</u>, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) (citing <u>Fed. Sav. & Loan Ins. Corp. v. Molinaro</u>, 889 F.2d 899, 903 (9th Cir. 1989)). However, the Court also found that plaintiff's request for a limited lift of stay at that time would not advance the Court's interest in clearing its docket because litigation on the merits would remain stayed. Dkt. 210 at 10. Thus, this factor remains neutral for plaintiff's request for a limited lift of stay.

### E. Interests of Non-Parties

In the Court's stay order from November 2022, the Court gave significant weight to the government's support of the stay of the entire civil action so that the pending criminal actions may resolve without interference. Dkt. 183 at 6.

In the Court's August 2025 order denying plaintiff's first motion for a limited lift of stay, the Court gave considerable weight to the government's statement of interest, in which the government explained that it initially assented to plaintiff's request for a limited lift of stay but later objected because plaintiff's motion for a limited lift of stay was unnecessarily filled with speculative and baseless assertions of fact that the government believed was intended to frighten Korkmaz and his family. <u>See</u> dkt. 210 at 10-11. The government's statement of interest argued that plaintiff's "fast-and-loose description of Korkmaz's criminal proceedings will put the Government's case in jeopardy if the stay is lifted," and "the Government has little faith that Ayasli will not continue to compromise the Government's case in additional filings." Dkt. 205-1 at 4, 5.

Now, plaintiff argues that in discussions with government counsel regarding the instant renewed motion for a limited lift of stay, the government has assented to a partial lifting of the stay so long as all merits-based litigation is deferred until after the trial in the Termendjian Criminal Action and with a preference for a negotiated protective order that would balance the interests of the parties and satisfy Fed. R. Civ. P. 26(c), L.R. 79-5, and Ninth Circuit jurisprudence. Mot. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

In opposition to the instant renewed motion for a limited lift of stay, Korkmaz argues that the government's "conditional non-opposition" underscores why the stay should remain in place. Opp. at 7. Korkmaz argues that the government's insistence on extraordinary protective measures as a precondition to its non-opposition is evidence that the criminal proceedings remain too sensitive for any civil litigation activity. Id. Korkmaz argues that the sealing condition on which the government's non-opposition depends is disfavored under this District's rules and Ninth Circuit law, and, therefore, the Court likely cannot grant the condition the government requires. Id. at 8. Korkmaz argues that the Court should consider Ayasli's record of using his prior filings as a vehicle for conjectural claims that the government considered to interfere with criminal prosecutions. Id. at 9.

In reply, plaintiff argues that the government has established that there exists a compelling justification to keep information related to Korkmaz's criminal activities broadly sealed, and thus it would be reasonable for this Court to impose a temporary protective order. Reply at 5. Plaintiff argues that this case presents sufficiently unusual and compelling circumstances, such as the broad sealing of the entire Korkmaz Criminal Action docket, to warrant the temporary invocation of the Court's sealing powers. Id. Plaintiff argues that it would enhance efficiency to have a single sealing order that applies to all materials filed during a temporary period, citing L.R. 79-5.2.1, but that, if necessary, the Court could also require that sealing applications be made on a filing-by-filing basis, citing L.R. 79-5.2.2. Id.

The Court once again affords considerable weight to the government's interest regarding a limited lift of stay. The government initially assented to plaintiff's first request for a limited lift of stay so that plaintiff's civil action could proceed with "purely procedural" matters while merits discovery and litigation would remain on hold pending the resolution of related criminal proceedings. Dkt. 205-1 at 2. But the government later rescinded its assent and objected to that motion based on the government's concerns that plaintiff's misleading assertions of fact in plaintiff's filings in this action would interfere with the government's criminal prosecutions. Id. Now, the government does not oppose plaintiff's instant renewed motion for a limited lift of stay, on the conditions that a sufficient protective order is imposed and merits-based litigation remain deferred until after the trial in the Termendjian Criminal Action. Mot. at 4. The Court is persuaded that these conditions may be satisfied such that this Keating factor weighs in favor of granting plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

### F. Interest of the Public in the Pending Civil and Criminal Litigation

In the Court's initial stay order, the Court found that the interest of the public weighed in favor of a stay because the public interest is better served by the criminal proceedings. Dkt. 183 at 6.

In the Court's August 2025 order denying plaintiff's first motion for a limited lift of stay, the Court found that this <u>Keating</u> factor continued to weigh in favor of maintaining a complete stay of this civil action because "the public [ ] has an interest in safeguarding the integrity of criminal proceedings," <u>Petrov v. Alameda Cnty.</u>, No. 16-CV-04323-YGR, 2016 WL 6563355, at *7 (N.D. Cal. Nov. 4, 2016) (citing <u>SEC v. Nicholas</u>, 569 F. Supp. 2d 1065, 1072–73 (C.D. Cal. 2008)). Dkt. 210 at 12.

Now, the Court finds that plaintiff's narrow request for a limited lift of stay, coupled with a sufficient protective order, sufficiently protects the public interest in the integrity of the related criminal proceedings. Accordingly, the Court concludes that this factor now weighs in favor of granting plaintiff's motion to advance the civil litigation.

The Court concludes that, on balance, Korkmaz's Fifth Amendment concerns and the <u>Keating</u> factors now weigh in favor of granting plaintiff's motion for a limited lift of stay.

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion. The Court **HEREBY ORDERS** the following:

(1) This Court's prior order imposing a full stay of proceedings, dkt. 183, is modified to allow the parties to proceed with non-merits-based litigation. The stay of discovery and merits-based litigation remains in effect pending conclusion of the merits phase of the Termendjian Criminal Action, through trial or plea, and pending sentencing in the Korkmaz Criminal Action;

(2) The parties shall continue to file a joint report detailing the status regarding the related criminal proceedings every quarter, until otherwise ordered by the Court;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-09388-CAS-PDx | Date | April 20, 2026 |
|---|---|---|---|
| Title | YALCIN AYASLI v. SEZGIN BARAN KORKMAZ, ET AL. | | |

(3) The parties shall meet and confer to negotiate a protective order sufficient to protect the interests of the government that complies with all local and federal rules and applicable law;

(4) The parties shall file a stipulated protective order no later than fourteen (14) days from the date this order is issued.  If the parties do not agree to a stipulated protective order, each party shall file a proposed protective order by the same date;

(5) No filings pursuant to this partial lift of stay other than those related to the protective order shall be made before the Court approves the protective order.  Thereafter, all filings made pursuant to this partial lift of stay of proceedings shall be filed, maintained, accessed and used in accordance with the protective order approved by the Court;

(6) The Court grants plaintiff leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15.  Plaintiff shall file his Second Amended Complaint under seal pursuant to the protective order approved by the Court.  Plaintiff shall file his Second Amended Complaint no later than thirty (30) days after the date that the Court issues the protective order.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |